UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
*Electronically Filed*

| | |
|---|---|
| DANNY RAY HENSLEY, ) | |
| AS ADMINISTRATOR OF ) | |
| THE ESTATE OF ) | |
| DANNY OSCAR HENSLEY, ) | |
| ) | Case No. 0:17-cv-00007-EBA |
| Plaintiff ) | |
| ) | |
| v. ) | |
| ) | |
| HEATHER BOSSIO, *et al.* ) | |
| ) | |
| Defendants ) | |

************

**PLAINTIFF'S RENEWED EMERGENCY
MOTION TO CONTINUE TRIAL DATE**

Plaintiff Danny Ray Hensley renews his motion to continue the current trial date in this matter because he would otherwise suffer extraordinary prejudice due to his inabilty to present expert testimony in support of his case. On August 11, 2022, the Court denied Plaintiff's initial motion for a continuance.[1] Plaintiff will now address the Court's concerns stated in that order.

I. Plaintiff Will Be Severely Prejudiced Unless His Expert Testifies at Trial.

First, the Court held that Plaintiff did not make a requisite showing of how he will be prejudiced if he is unable to present expert testimony.[2] The Court acknowledged that "the inability to call an expert witness has the potential to

---

[1] Order, RE 116, PageID ## 1465-1469.
[2] *Id.*, PageID ## 1468.

prejudice the Plaintiff."[3] However, the Court held that it could not determine the actual prejudice to Plaintiff "[a]bsent a particularized explanation…."[4]

Plaintiff's expert, Cameron Lindsay, is Plaintiff's only expert witness, and his testimony is indispensable to meeting Plaintiff's burden of proof at trial. To prevail on his Eighth Amendment claims, Plaintiff must establish, in part, that Defendants were aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, and that they also drew the inference.[5] Because defendants, like those in this case, will not admit their subjective knowledge and indifference, the Supreme Court held in *Farmer v. Brennan* that a jury "may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious."[6] The obviousness of a risk depends on the environment and circumstances in which that risk exists. Because Plaintiff bears the burden of proof, he must put on affirmative evidence on which the jury can conclude that Defendants are liable for Hensley's death. Plaintiff's retained expert, Cameron Lindsay, will rely on his 25 years of experience working in prisons to explain to the jury why the facts Defendants knew equated to an obvious risk within the prison environment.

Defendants, and any other prison officials who testify, will all likely testify that they couldn't have known of the risk. Without Lindsay's testimony, Plaintiff will not be able to present a single witness who will contradict that testimony. The jury would hear from multiple prison officials whose testimony would support the

---

[3] *Id.*
[4] *Id.*, PageID ## 1468-1469.
[5] *Farmer*, 511 U.S. 825, 837 (1994).
[6] *Id.* at 842.

defense, and none who support Plaintiff's theory. In a case in the prison setting, a jury is highly likely to give prison officials' testimony more weight than Plaintiff's counsels' arguments to the contrary.

Further, to prevail on Plaintiff's negligence claim, he will have to prove a duty of care and a breach of that duty. Expert testimony often includes "examples of the standard of conduct" and helps to "define the standard of care, or the universal duty of care as recognized in Kentucky" that defendants owe.[7] While Plaintiff can question Defendants regarding various standards, he retained an expert who can help the jury understand what the standards are, why they exist, and how Defendants' conduct fell short of those standards. Without Lindsay's testimony, Plaintiff will be unable to present any testimony on those points.

Specifically, a crucial disagreement between the parties is what the PREA standards mean when they say that prisons "shall use information from the risk screening required by § 115.41 to inform housing, bed, work, education, and program assignments with the goal of keeping separate those inmates at high risk of being sexually victimized from those at high risk of being sexually abusive."[8] Defendants have argued that they complied with the "keeping separate" standard by housing high-risk abusers and victims in the same dorm, as long as they were not in the same cell. Lindsay, who has been responsible for complying with PREA standards as the warden of several prisons, will testify that Defendants' conduct was non-compliant. Without Lindsay's testimony, Plaintiff will be unable to present

---

[7] *Shetler v. Aldi, Inc.*, 2012 U.S. Dist. LEXIS 112056, at *8-9 (W.D. Ky. Aug. 8, 2012).
[8] 28 CFR § 115.42(a).

3

a single witness to offer that testimony. That would substantially, and particularly, prejudice Plaintiff.

II. Plaintiff's Delay in Informing Defendants and the Court of His Expert's Unavailability Was Not Unreasonable and Did Not Prejudice Defendants.

Second, the Court stated that Plaintiff did not explain his "delay informing Defendants or the Court of Mr. Lindsay's availability."[9] Plaintiff is reluctant to open the door to non-discoverable communications between his counsel and Lindsay. However, the undersigned counsel notified Lindsay via email of the trial date on April 11, 2022, the same day the Court entered an Order setting the trial date. Counsel emailed Lindsay on July 27, 2022 to schedule preparation for his trial testimony. The next day, Lindsay responded to counsel's July 27 email and informed him for the first time of his inability to appear live at trial.[10]

Counsel waited until the already-scheduled pretrial conference on August 5 to inform Defendants and the Court because he reasonably believed that (a) any discussion of the matter would likely be deferred to the upcoming pretrial conference[11] and (b) Defendants would not object, and would instead be delighted that Plaintiff would be forced to present his expert witness remotely. Moreover, counsel reasonably anticipated that the Court would require that Defendants show prejudice before it would disallow the remote testimony, and that it would permit remote testimony over their objection or briefly continue the trial rather than allow

---

[9] RE 116, PageID # 1468.
[10] Plaintiff will tender these emails for the Court's in camera inspection should the Court wish.
[11] Defendants have not represented that they would have been any more amenable to taking Lindsay's trial deposition had they known eight days earlier.

Defendants to effectively prohibit Plaintiff from presenting any expert testimony at trial without some showing of prejudice.

In *House v. Players' Dugout, Inc.*, Judge Jennings of the Western District permitted three witnesses to testify remotely over the opposing parties' objections.[12] Judge Jennings noted that Fed. R. Civ. P. 43(a) provides that "[f]or good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location."[13]

Judge Jennings then cited several cases holding that live video testimony meets Rule 43(a)'s goals: In *Gould Electronics Inc. v. Livingston County Road Commission*, a Michigan district court held that "the near-instantaneous transmission of video testimony through current technology permits the jury to see the live witness along with his hesitation, his doubts, his variations of language, his confidence or precipitancy, and his calmness or consideration."[14] In *Aoki v. Gilbert*, a California district court held that "[b]ecause a witness testifying by video is observed directly with little, if any delay in transmission… courts have found that video testimony can sufficiently enable cross-examination and credibility determinations, as well as preserve the overall integrity of the proceedings."[15] Accordingly, Judge Jennings held that live testimony by video with current technology provided appropriate safeguards under Rule 43(a). Further, Judge

---

[12] *House*, 2021 U.S. Dist. LEXIS 202789, *41-45 (W.D. Ky. Oct. 20, 2021).
[13] *Id*. at *41-42.
[14] *Id*. at *42, citing *Gould*, 470 F. Supp. 3d 735, 739 (E.D. Mich. 2020) (internal citations and marks omitted).
[15] *Id*. at *42-43, citing *Aoki*, 2019 U.S. Dist. LEXIS 44155, *1 (E.D. Cal. Mar. 18, 2019) (internal citations and marks omitted).

Jennings held: "It will also be better for the jury to experience these three witnesses' testimony live, even if by video, than by prerecorded trial deposition."[16] These decisions buttress Plaintiff's position and significantly undermine Defendants' stated technological concerns.

Judge Jennings further held that "the COVID-19 pandemic has presented a compelling impact on witnesses' ability to appear in-person justifying appearing by video under Rule 43."[17] In that case, the moving party requested the remote appearances due to travel time and missing work or other responsibilities.[18] While Lindsay does not live as far away as the witnesses in *House*, he would have to travel for at least seven hours of round-trip drive time, plus the time it takes for him to testify. Counsel understands that Lindsay's mother's condition has recently worsened, such that she is unable to carry out many of the activities of daily living without Lindsay's assistance. Lindsay's other family members do not live in the same state as Lindsay and his mother. Thus, no one would be able to care for his 93-year-old mother for the entire time Lindsay would be away testifying at this trial. Lindsay's caregiving responsibilities constitute good cause and compelling circumstances. Again, Judge Jennings' decision supports Plaintiff's reasonable expectation that the Court would permit Lindsay to testify remotely in the unlikely event of an objection by Defendants. The fact that it will not, absent Defendants' agreement, weighs in favor of a continuance. Thus, the timing of Plaintiff's motion should be neutral at worst, and should not weigh against a continuance.

---

[16] *Id.* at *44.
[17] *Id.* at *43.
[18] *Id.* at *37-41.

6

III. Plaintiff Should Not Be Deprived of His Expert's Testimony at Trial When Defendants Have Not Demonstrated Any Prejudice.

Lastly, as the Court already held: "Defendants hardly make any claim they will be prejudiced by a continuance…."[19] Considering the prejudice to Plaintiff outlined above, the totality of the circumstances weigh heavily in favor of a continuance. Thus, Plaintiff respectfully requests that the Court grant his motion and continue this trial so that he may present the expert testimony that is crucial to his case.

Respectfully submitted,

/s/ Aaron Bentley
Aaron Bentley
abentley3b@gmail.com
Gregory A. Belzley
gbelzley3b@gmail.com
Belzley, Bathurst & Bentley
P.O. Box 278
Prospect, Kentucky 40059
(502) 690-6054
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that, on August 12, 2022, the foregoing was served electronically via CM/ECF, which will send a notice of electronic filing to all parties of record.

/s/ Aaron Bentley
*Counsel for Plaintiff*

---

[19] RE 116, PageID # 1468.

7